**NOT FOR PUBLICATION**

FILED

AUG 2 3 2006

ENTERED

AUG 2 5 2006

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | )<br>) |
| ARWA SHURRAB, | )<br>)  Case No. SV 03-12770 KT |
| Debtor. | )<br>)  Chapter 7 |
| | )  Adv. No. 05-01075 MT |
| DAVID SEROR, Chapter 7 Trustee, | )<br>)  **MEMORANDUM OF DECISION AND** |
| Plaintiff, | )  **ORDER ON CROSS-DEFENDANT'S** |
| | )  **MOTION FOR SUMMARY JUDGMENT** |
| v. | )  **ON THE CROSS-COMPLAINT** |
| YAKIR LEVY, | )<br>)  Date:        August 17, 2006 |
| Defendant. | )  Time:        2:00 p.m. |
| | )  Place:       Courtroom 302 |
| YAKIR LEVY, | )<br>) |
| Cross-Complainant, | )<br>) |
| v. | )<br>) |
| DAVID SEROR, Chapter 7 Trustee; ARWA<br>SHURRAB; ZEYAD ELALAMI; STEVE<br>REDER; GEOFF REDER; YOUSSEF<br>ABUGHAZALEH; and DOES 1-100, | )<br>)<br>)<br>) |
| Cross-Defendants. | )<br>) |

1.

1        On April 27, 2006, Debtor and Cross-Defendant Arwa Shurrab filed a Motion for

2 Summary Judgment or, in the Alternative, for Summary Adjudication of Issues relating to

3 the Cross-Complaint. The Cross-Complaint also alleges causes of action against

4 Shurrab, Elalami, Steve Reder, Geoff Reder, and Youssef Abughazaleh for (1) fraud, (2)

5 intentional interference with economic advantage, (3) negligent interference with

6 economic advantage, and (4) injunctive relief. The substance of the Cross-Complaint is

7 that, because Cross-Defendants engaged in misappropriation and fraudulent transfers of

8 Debtor's property interests, Cross-Complainant Yakir Levy was harmed inasmuch as

9 these actions injured the value of certain property interests he purchased at a bankruptcy

10 court auction. Summary judgment was granted on the Trustee's Complaint against Yakir

11 Levy. On May 12, 2006, Cross-Complainant Yakir Levy filed an Opposition. On August

12 3, 2006, Cross-Defendant Shurrab filed her Reply. A hearing was held on August 17,

13 2006 at 2:00 p.m. Mark Carrillo appeared for Debtor and Cross-Defendant Shurrab.

14 Daniel Cheren appeared for Cross-Complainant Levy.

15        Summary judgment should be granted "if the pleadings, depositions, answers to

16 interrogatories, and admissions on file, together with the affidavits, if any, show that there

17 is no genuine issue as to any material fact and that the moving party is entitled to a

18 judgment as a matter of law." FRCP 56(c) (incorporated by FRBP 7056). The moving

19 party has the burden of establishing the absence of a genuine issue of material fact.

20 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the

21 absence of a genuine issue of material fact, the nonmoving party must go beyond the

22 pleadings and identify facts that show a genuine issue for trial. *Id.* at 324. The court

23 must view the evidence in the light most favorable to the nonmoving party. *Bell v.*

24 *Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir.1982). All reasonable doubt

25 as to the existence of a genuine issue of fact should be resolved against the moving

26 party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976). The inference drawn from the

27 underlying facts must be viewed in the light most favorable to the party opposing the

28 motion. *Valadingham v. Bojorquez*, 886 F.2d 1135, 1137 (9th Cir.1989). Where different

1  ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v.*
2  *Insurance Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981).

3       Shurrab has the burden of production and the burden of persuasion on this motion
4  for summary judgment. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210
5  F.3d 1099, 1102 (9th Cir. 2000).  She may carry her burden of production by either
6  negating (disproving) an essential element of the opposing party's claim or defense or by
7  "showing" the opposing party does not have enough evidence of an essential element of
8  its claim or defense to carry the ultimate burden of persuasion at trial.

9       This Cross-Complaint must be dismissed because there is a causation problem.
10  The auction sale was clearly "as is, where as."  No evidence has been presented to show
11  that the auction was anything but this.  There were no representations or warranties by
12  any of the parties, including the Trustee and the Debtor.  As such, it was up to Levy to do
13  his due diligence to determine whether he should buy the assets or not.

14       Exhibit A to the Opposition is uncontroverted and demonstrates much of the
15  knowledge Levy had before the sale.  In this July 20, 2004 letter to the Trustee, Cheren,
16  Levy's attorney, makes an offer on behalf of Yakov Ergas and Avi Levi to purchase the
17  estate's interest in the restaurants.  The letter details the 2001 civil litigation involving
18  accusations of fraud, misappropriation, etc.  The letter provides further evidence of
19  misappropriation and diversion, including failure to pay the IRS and misappropriation of
20  taxes.  It also discusses how Elalami, Debtor's husband, sought to take control and how
21  he had attempted to sell the assets to cross-defendant Abughazaleh.  Thus, before the
22  January 12, 2005 sale, Cheren and Levy had all the information in front of them of
23  alleged misappropriations, alleged transfer of assets, etc.   Despite all of this, Levy still
24  bid.  The Declaration of Yakir Levy himself discloses how Levy knew in December 2004
25  that Reder was listed as the owner of Mavericks and held himself out as the owner.  He
26  describes how he could tell at the auction how Reder was "in cahoots with Elalami".
27  Levy discusses how Abughazaleh held himself out publicly as the owner of Big Z after the
28  transfer in December 1, 2004 to him.  Exhibit B provides further evidence that Reder

3.

openly was running Maverick's. Finally, it is clear that Levy knew of the allegations concerning the inaccuracy of the schedules and the statement of financial affairs due to the Trustee's June 25, 2004 Complaint to revoke the Debtor's discharge under 11 U.S.C. § 727 based on the failure to list, *inter alia*, the Debtor's interest in the restaurant.

Levy was advised at the auction that the IRS was to hold a separate auction sale the next day. Levy determined not to bid on the assets at the IRS auction the next day. Levy similarly chose not to attempt to halt the landlord's foreclosure proceedings or negotiate with the landlord when the landlord foreclosed on the restaurant leases and their assets. Debtor's former counsel informed the Court and parties present (including Levy) of the IRS seizure and landlord foreclosure action in process. The Court stated that this was irrelevant as the sale was as is, where as and stated "Mr. Levy, I presume, understands what he is buying. We don't do due diligence for him."

The bottom line is that a bidder at an "as is, where as" auction should not be able to gamble on the outcome of the auction by getting the upside if the deal goes well while simultaneously being able to get out of the auction if the deal goes bad by arguing that the schedules and the statement of financial affairs were not completely accurate. Levy not only has provided no factual support for continuing with this case but has plead no facts which justify his continuing with the action. There are simply no reasonable inferences which can be made in his favor to save this case from a summary judgment.

Cross-Defendant Shurrab contends that Levy cannot assert a claim because there is an issue as to the current ownership in the interests in the restaurants, which creates an issue with respect to both damages and standing. Based on Judge Thompson's order, Ergas owns the interest in the restaurants, not Levy, so there is an additional obstacle to a showing of damages should Levy be able to overcome all of the above. On August 18, 2006, Cheren, who apparently represents both Levy and Ergas, filed a Motion for Intervention in Adversary on behalf of Yakov Ergas. This motion acknowledges that Levy is no longer an interested party in the Cross-Complaint, but contends that by virtue of Ergas' successful bid, Ergas has effectively stepped into the shoes of Levy and should

4 .

be able to intervene in order to protect and preserve his interest in the restaurants. The motion for intervention is currently calendared for September 25, 2006 at 10:30 a.m.[1]

Even if the motion for intervention were granted, summary judgment on the Cross-Complaint would still be appropriate. As noted in the motion for intervention, Ergas stepped into the shoes of Levy. As such, Ergas is subject to all of the available defenses and rights available against Levy. *See, e.g., Fidelity & Deposit Co. v. Duke*, 293 F. 661, 664 (9th Cir. 1923); *In re Smith*, 52 B.R. 792, 796 (Bankr. E.D. Cal. 1985). As noted above, summary judgment must be granted against Levy because the auction was an "as is, where as" sale, without any representations or warranties made by the Debtor or the Trustee. Moreover, Levy bid with the knowledge of all of the problems referred to in the Cross-Complaint. As this defense would similarly be available against Ergas should the motion for intervention be granted, the motion for intervention is irrelevant. Summary judgment is appropriate whether the party in interest is Levy or Ergas.

The motion for summary judgment is GRANTED as to all cross-defendants.

The motion for intervention filed on August 18, 2006 is DENIED as MOOT. The hearing date currently scheduled for September 25, 2006 at 10:30 a.m. is VACATED.

**IT IS SO ORDERED**.

DATED:  8/23/06

/Maut J./

MAUREEN A. TIGHE
United States Bankruptcy Judge

---

[1]     As a sidenote, it appears Cheren disregarded this Court's self-calendaring procedures. It appears that, without reviewing which dates were available and appropriate for the hearing and without being given a hearing date and time by chambers staff, Cheren unilaterally selected September 25, 2006 at 10:30 a.m. for this hearing. Firstly, this Court does not have a 10:30 a.m. calendar on Mondays. Secondly, these types of motions are typically heard only on Thursdays at 2:00 p.m. Thirdly, the date selected is a trial day and no other hearings should have been set for that date. As such, the date selected is not one that would have been provided and is not one of the dates listed as available in this Court's self-calendaring instructions.

5.

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **ORDER** was mailed on ___AUG 2 5 2006___ the parties listed below:

Office of the U.S. Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367

David Seror
Chapter 7 Trustee
1925 Century Park East, 16th Floor
Los Angeles, CA  90067

Peter Davidson
Moldo Davidson Fraioli Seror
& Sestanovich LLP
1925 Century Park East, 16th Floor
Los Angeles, CA 90067

James T. Studer
Law Offices of James T. Studer
1420 Los Angeles St., Ste. G
Simi Valley, CA 93065

Mark E. Carrillo
1409 Kuehner Drive, #A
Simi Valley, CA 93063

Daniel J. Cheren
Cheren and Associates
16055 Ventura Blvd., Ste. 525
Encino, CA 91436

Zeyad Elalami
430 Appleton St.
Simi Valley, CA 93063

Steve Reder
5225 Cochran St.
Simi Valley, CA 93063

Geoffrey Reder
5225 Cochran St.
Simi Valley, CA 93063

Dated:        AUG 25 2006

_____
DEPUTY CLERK